Anthony C. Kaye, Esq. (#8611)
Jason D. Boren, Esq. (#7816)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
One Utah Center, Suite 600
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001

Attorneys for Teresa Wasson and Wasson Enterprises, LLC

FILED
U.S. DISTRICT COURT

2005 AUG -4  P 4: 19

DISTRICT OF UTAH

BY:_____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TERESA WASSON, an individual, and WASSON ENTERPRISES, LLC, a Georgia Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN EAGLE INVESTMENT COMPANY, LLC, a Utah limited liability company, CLARK R. POWELL, an individual, and DOUGLAS A. McCLAIN, an individual,<br><br>Defendants. | **COMPLAINT**<br><br>Judge Tena Campbell<br>DECK TYPE: Civil<br>DATE STAMP: 08/04/2005 @ 16:22:42<br>CASE NUMBER: 2:05CV00655 TC |

Plaintiffs Teresa Wasson ("Wasson") and Wasson Enterprises, LLC ("Wasson Enterprises") hereby complain of Defendants American Eagle Investment Company, LLC ("American"), Clark R. Powell ("Powell"), and Douglas A. McClain ("McClain") as follows:

1. Wasson is an individual resident of Atlanta, Georgia.

2. Wasson Enterprises is a Georgia limited liability company.

UT_DOCS_A #1180818 v1

3. Defendant American is a Utah limited liability company doing business in the State of Utah.

4. Upon information and belief, Defendant Powell is an individual residing in Cedar City, Utah.

5. Upon information and belief, Defendant McClain is an individual residing in Utah.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. There is diversity of citizenship between the parties and the amount of controversy exceeds $75,000, exclusive of costs and interest.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8. By written Agreement dated March 26, 2005, Wasson and Wasson Enterprises loaned $500,000 to American (the "Agreement") (*See* copy of the Agreement attached hereto as Exhibit "A" and incorporated herein by reference).

9. Pursuant to the Agreement, Wasson and Wasson Enterprises wire transferred $500,000 to First American Title Insurance Company to be used by American.

10. American promised to repay the $500,000 to Wasson and Wasson Enterprises together with a consulting fee of $76,000 no later than April 13, 2005.

11. The loan was personally guaranteed by Powell.

12. The Agreement further provided that the loan was to be secured by 343,053 shares of Composite Technology Corporation ("CPTC") stock which had a value of $1,000,000 as of March 24, 2005.

13. The CPTC stock was to be held in trust by McClain for the benefit of Wasson and Wasson Enterprises in the event that the loan was not repaid.

14. Subsequently, on or about April 15, 2005, Wasson and Wasson Enterprises loaned an additional $86,000.00 to American.

15. Despite numerous demands, American, Powell, and McClain have failed and/or refused to repay the $662,000.00 due and owing or to provide Plaintiffs with the CPTC stock that was to be held as collateral for repayment of the loan.

16. Upon information and belief, the CPTC stock was never held in trust for the benefit of Wasson and Wasson Enterprises.

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

17. Plaintiffs incorporate by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth hereat.

18. Plaintiffs entered into a valid and enforceable contract with American, Powell, and McClain whereby Defendants were to repay $576,000.00 to Wasson and Wasson Enterprises no later than April 13, 2005.

19. Plaintiffs entered into a second agreement whereby Defendants agreed to repay an additional $86,000.00 that Plaintiffs loaned to Defendants.

20. Defendants materially breached these Agreements by failing and refusing to repay the money due and owing and by failing and refusing to provide the CPTC stock to plaintiffs.

21. By reason of Defendants' material breaches of the Agreements, Plaintiffs have been damaged in an amount of not less than $662,000.00 together with prejudgment interest; attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Breach of Implied Duty of Good Faith and Fair Dealing)

22. Plaintiffs incorporate by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth hereat.

23. Plaintiffs and Defendants entered into valid and enforceable agreements. The agreement contained an implied covenant of good faith and fair dealing.

24. Defendants breached their duties of good faith and fair dealing by, among other things, failing and/or refusing to repay the money due and owing pursuant to the Agreements, and by failing to provide the CPTC stock to Plaintiffs.

25. By reason of Defendants breach of the covenant of good faith and fair dealing, Plaintiffs have been damaged in an amount of not less than $662,000.00 together with prejudgment interest, attorneys' fees, and costs.

## THIRD CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

26. Plaintiffs hereby incorporate by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth hereat.

27. Pursuant to the Agreement, 343,053 shares of CPTC stock was to be held in trust by McClain for Plaintiffs' benefit as collateral in the event that American and Powell failed to repay their obligations pursuant to the Agreement.

28. As Trustee, McClain owed Plaintiffs a fiduciary duty to hold the CPTC stock as collateral and to provide the CPTC stock to Plaintiffs in the event the Defendants failed to repay their obligations under the Agreement.

29. McClain breached his fiduciary duty by, among other things, failing to hold the CPTC stock as collateral and to provide the stock to Plaintiffs to satisfy the amount due and owing under the Agreement.

30. By reason of McClain's breach of his fiduciary duties, Plaintiffs have been damaged in an amount to be determined at trial.

31. McClain's actions are the result of willful and malicious conduct or conduct that manifests a knowing and reckless indifference toward, and disregard of the rights of Plaintiffs. Accordingly, Plaintiffs are entitled to punitive damages.

### FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment/Quantum Meruit)

32. Plaintiffs hereby incorporate by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth hereat.

33. Plaintiffs conferred a benefit upon Defendants by, among other things, loaning them money and by providing consulting services.

34. Defendants appreciated and had knowledge of the benefits conferred upon them by Plaintiffs.

35. The retention and acceptance of these benefits by Defendants under the circumstances would be inequitable without payment of their value.

36. By reason of Defendants' unjust enrichment, Plaintiffs are entitled to damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Money Had And Received)

37. Plaintiffs incorporate by reference the allegations of the preceding paragraphs of the Complain as if fully set forth hereat.

38. Defendants obtained and received $586,000.00 from Plaintiffs.

39. The money received by Defendants should, in equity and good conscience, be returned to Plaintiffs.

40. Accordingly, Plaintiffs are entitled to the return of the money they loaned to Defendants together with Prejudgment interest, attorney's fees, and costs, and such other relief as the Court deems just in the premises.

## SIXTH CAUSE OF ACTION
### (Conversion)

41. Plaintiffs incorporate by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth hereat.

42. Defendants have assumed exercise and control over the CPTC stock and the money loaned to Defendants without Plaintiffs' authority.

43. The CPTC stock and money rightfully belong to Plaintiffs.

44. Defendants unauthorized and wrongful exercise of dominion and control over the CPTC stock and loan proceeds to the exclusion of or inconsistent with the rights of Plaintiffs constitutes a conversion.

45. By reason of Defendants' conversion, Plaintiffs have been damaged in an amount to be determined at trial.

46.     Defendants' unlawful dominion and control over the CPTC stock and loan proceeds are the result of willful and malicious conduct, or conduct that manifests a knowing and reckless indifference toward, and disregard of the rights of Plaintiffs. Accordingly, Plaintiffs are entitled to punitive damages.

## SEVENTH CAUSE OF ACTION
(Accounting)

47.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth hereat.

48.     McClain owed Plaintiffs a fiduciary duty to hold the CPTC stock as collateral for the repayment of the loan.

49.     Defendants have failed and refused to provide the CPTC stock for repayment of the loan.

50.     Defendants should be required to make an accounting of the CPTC stock and the loan proceeds.

WHEREFORE, Plaintiffs pray for Judgment against Defendants as follows:

A.     For judgment in an amount of not less than $662,000.00 together with prejudgment interest;

B.     For attorney's fees and costs in bringing this suit;

C.     For such further relief as the Court deems just and proper in the premises;

D.     For punitive damages in an amount to be determined at trial;

E.     For an injunction precluding Defendants from transferring the CPTC stock to anyone other than Plaintiffs.

DATED this 4th day of August 2005.

                                                  Anthony C. Kaye
Jason D. Boren
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
Attorneys for Plaintiff Teresa Wasson and Wasson Enterprises, LLC

Plaintiffs' Address

Teresa Wasson
Wasson Enterprises
3655 Roswell Road
Suite 202
Atlanta, GA 30342

# CIVIL COVER SHEET
## VERSION FOR USE IN U.S. DISTRICT COURT FOR THE DISTRICT OF UTAH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS.)

FILED
U.S. DISTRICT COURT
2005 AUG -4  P 4: 19
DISTRICT OF UTAH
BY:
DEPUTY CLERK

| I. | (a) PLAINTIFF(S) | Please list and number each plaintiff. | (c) ATTORNEY(S) [Firm name, Address, Telephone and Fax Number(s)] |
|---|---|---|---|
| | 1. Teresa Wasson | | Anthony C. Kaye |
| | 2. Wasson Enterprises, LLC | | Jason D. Boren |
| | 3. | | Ballard Spahr Andrews & Ingersoll, LLP |
| | 4. | | One Utah Center, Suite 600 |
| | 5. | | 201 South Main Street |
| | 6. | | Salt Lake City, Utah 84111-2221 |
| | | | Telephone: (801) 531-3000 |
| | | | Facsimile: (801) 531-30011 |
| | (b) County of Residence of First Listed Plaintiff: _____ (EXCEPT IN U.S. PLAINTIFF CASES) | | |

| | (a) DEFENDANT(S) | Please list and number each defendant. | (c) ATTORNEY(S) [Firm name, Address, Telephone and Fax Number(s)] |
|---|---|---|---|
| | 1. American Eagle Investment Company, LLC | | |
| | 2. Clark R. Powell | | |
| | 3. Douglas A. McClain | | |
| | 4. | | |
| | 5. | | |
| | 6. | | |
| | (b) County of Residence of First Listed Defendant: _____ NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. | | |

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (FOR DIVERSITY CASES ONLY)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

| VI. REQUESTED IN COMPLAINT | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $in excess of $662,000.00 | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No |
|---|---|---|---|

**VII. RELATED CASE(S) IF ANY** (See Instructions) JUDGE: _____

Judge Tena Campbell
DECK TYPE: Civil
DATE STAMP: 08/04/2005 @ 16:22:42
CASE NUMBER: 2:05CV00655 TC

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☒ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 660 Occupational Safety / Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce / ICC Rates, etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities / Commodities / Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing / Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor / Mgmt. Relations<br>☐ 730 Labor / Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC / DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | |

## IX. STATE COURT REMOVALS:

(a) List any parties which are no longer pending:

(b) List any pending motions and date filed. If responses or replies have been filed, indicate the date filed.

| MOTION FILED | RESPONSE / DATE FILED | REPLY / DATE FILED |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

DATE 8/4/05      SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____