IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TERESA WASSON, an individual, and WASSON ENTERPRISES, LLC, a Georgia Limited Liability Company, | |
| Plaintiffs, | ORDER AND MEMORANDUM DECISION GRANTING WILLIAM ARRINGTON'S MOTION TO INTERVENE |
| vs. | |
| AMERICAN EAGLE INVESTMENT COMPANY, LLC, a Utah limited liability company, CLARK R. POWELL, an individual, and DOUGLAS A. McCLAIN, an individual | |
| | Civil No. 2:05 CV 655 TC |
| Defendants. | |
| AMERICAN EAGLE INVESTMENT COMPANY, LLC, a Utah limited liability company, and CLARK R. POWELL, an individual, | |
| Counterclaim Plaintiffs, | |
| vs. | |
| TERESA WASSON, an individual, and WASSON ENTERPRISES, LLC, a Georgia Limited Liability Company, | |
| Counterclaim Defendants. | |

| | |
|---|---|
| AMERICAN EAGLE INVESTMENT COMPANY, LLC, a Utah limited liability company, and CLARK R. POWELL, an individual, | |
| Cross-Claim Plaintiffs, | |
| vs. | |
| DOUGLAS A. McCLAIN, an individual, | |
| Cross-Claim Defendant. | |
| AMERICAN EAGLE INVESTMENT COMPANY, LLC, a Utah limited liability company, and CLARK R. POWELL, an individual, | |
| Third-Party Plaintiffs, | |
| vs. | |
| ORLANDO VARGAS, an individual, TARA ORTEGA, an individual, THOMAS HOGAN, an individual, BUCKHEAD FINANCIAL FUNDING, a foreign company, PARTNERS FUNDING GROUP, a foreign company, M-TRUST, a group of individual investors, DIVERSIFIED EXECUTIVE ENTERPRISES CO., a foreign company; FORBES COMMERCIAL, INC., an unregistered Utah corporation, and DANIEL STARR, an individual, | |
| Third-Party Defendants. | |

This matter is before the court on William Arrington's Motion to Intervene in the above-captioned matter. Mr. Arrington is the owner of stock that served as collateral for a loan that

Plaintiffs allege is in default.  Because the court is adequately informed as to Mr. Arrington's relation to this lawsuit and because the lack of prejudice caused by his intervention renders his motion timely, William Arrington's Motion to Intervene is GRANTED.

## Background

According to allegations in the complaint filed in this matter, Plaintiffs Teresa Wasson and Wasson Enterprises entered into a loan agreement with Defendants American Eagle Investment Co., LLC, and Clark R. Powell.  Under the terms of that agreement, Plaintiffs would provide American Eagle with $500,000 and, in exchange, the Defendants personally guaranteed repayment of the loan amount, as well as an additional $76,000 in "consulting fee[s]."  (See Letter to Teresa Wasson & Wasson Enterprises from Am. Eagle Investment Co., dated March 25, 2005, attached as Ex. A to Pls.' First Am. Compl.)  The memorandum evidencing the parties' agreement provided plaintiffs additional security for the loan, stating that "[t]he $500,000 loan will be secured by 343,053 shares of CPTC stock ($1,000,000 USD value as of 3/24/05) held in trust by Douglas A. McClain."  (Id.)

After failing to obtain payment, Plaintiffs filed this lawsuit to recover the loan amount. United States Magistrate Judge Brooke C. Wells entered an order on October 7, 2005, that required that the CPTC stock be transferred to Plaintiffs' counsel to sell the stock. This court adopted that order in all relevant aspects on October 17, 2005.

## Analysis

The present motion to intervene was filed by William Arrington, the owner of the CPTC stock.  Plaintiffs oppose Arrington's intervention on two grounds: (1) failure to comply with the Federal Rules of Civil Procedure when moving for intervention, and (2) prejudice.  The court concludes that neither ground adequately justifies denying Arrington's motion to intervene.

3

Federal Rule of Civil Procedure 24(c) requires a party moving to intervene to submit a pleading setting forth the claim or defense for which intervention is sought.  "The purpose of the rule requiring the motion to state the reasons therefor and accompanying the motion with a pleading setting forth the claim or defense is to enable the court to determine whether the applicant has the right to intervene . . . ."  Miami County Nat'l Bank v. Bancroft, 121 F.2d 921, 926 (10th Cir. 1941).  Mr. Arrington has previously participated in these proceedings and has submitted an affidavit that outlines his position in relation to the stock.  These pleadings are sufficient to inform the court about Mr. Arrington's relation to this litigation and his right to intervene.

In fact, with the exception of the requirement of timeliness, which will be addressed below, Plaintiffs concede that Mr. Arrington satisfies all of the requirements of intervention as of right.  The court concludes that it would elevate form over substance to deny Arrignton's motion due to his failure to technically comply with rule 24(c).

Turning to Plaintiffs' argument that Mr. Arrington's motion should be denied as untimely, the court notes that "[t]he timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant know of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances."  Utah Ass'n. of Counties v. Clinton, 255 F.3d 1246, 1250 (10th Cir. 2001) (internal quotation omitted).  But, "'[t]he requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner.  Federal courts should allow intervention where no one would be hurt and greater justice could be attained.'"  Id. (quoting  Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994)).

There is no doubt that Mr. Arrington could have moved to intervene at an earlier time, but the rules of civil procedure do not mandate that a motion to intervene be made immediately upon the recognition of some interest in a case, the motion need only be "timely." Considering all the circumstances of this case, William Arrington's Motion to Intervene is GRANTED.

Dated this 19th day of January 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL

United States District Judge